UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTINA DARDAR** | **CIVIL ACTION NO.:** |
| **VERSUS** | **JUDGE:** |
| **PIT STOP EATERY OF HOUMA, LLC** | **MAGISTRATE:** |

### COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT

Plaintiff Christina Dardar, a major domiciled in Terrebonne Parish, Louisiana, individually and on behalf of all others similarly situated ("the "FLSA Collective"), brings this action against defendant Pit Stop Eatery of Houma, LLC ("Pit Stop") for failing to pay the plaintiff and all other similarly situated Pit Stop employees all of their overtime pay as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* In support of this action, the plaintiff respectfully represents as follows:

1.

Made defendant herein is Pit Stop Eatery of Houma, LLC ("Pit Stop"), a domestic limited liability company authorized to do business in the State of Louisiana, which may be served through its registered agent, Charles Babin, 928 Eagle Drive, Houma, Louisiana, 70364.

2.

Pit Stop operates and conducts business in Terrebonne Parish, which is within this judicial district, and the alleged conduct occurred within this judicial district. Therefore, this claim is within the jurisdiction of this Court.

3.

The plaintiff brings this action against Pit Stop for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). This Court has jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA.

4.

This action is brought against Pit Stop under the FLSA to recover unpaid overtime compensation, liquidated damages, and reasonable attorney fees and costs.

### FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

5.

The plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

6.

Plaintiff Christina Dardar was employed at Pit Stop from August 2013 through December 2019.

7.

The plaintiff and other similarly situated individuals worked as employees of Pit Stop during the past three years at its locations at 8045 Park Avenue, Houma, Louisiana 70364, and at 6613 West Park Avenue, Houma, Louisiana 70364.

8.

During her employment, the plaintiff took on various roles, including as a short order cook for Pit Stop's location at 8045 Park Avenue, Houma, Louisiana 70364 from approximately 2013 through 2015; as a manager of both Pit Stop locations at 8045 Park Avenue, Houma,

Louisiana 70364 and at 6613 West Park Avenue, Houma, Louisiana 70364 from approximately 2015 through 2017; and then again as a cook at 8045 Park Avenue, Houma, Louisiana 70364 from 2017 until her termination in December 2019.

9.

At all material times relevant to this action, Pit Stop failed to comply with 29 U.S.C. §§ 201-209, because the plaintiff and other similarly situated employees performed services for Pit Stop for which no provisions were made by Pit Stop to properly pay the plaintiff or other employees the entire amount that was owed to them under the law for all hours worked in excess of 40 within a work week.

10.

Pit Stop compensated the plaintiff and other employees for their work on an hourly basis.

11.

Pit Stop suffered and permitted the plaintiff and other similarly situated employees to work more than 40 hours per workweek.

12.

Pit Stop had a policy of not paying the plaintiff and other similarly situated employees at a rate of one and one-half times their regular rate of pay for the overtime hours they worked as required by the FLSA.

13.

In calculating the plaintiff's and other similarly situated employees' overtime pay, Pit Stop only paid them their regular hourly rate (i.e., straight time rate), rather than the legally required one and one-half times their regular rate of pay.

14.

Further, as part of the scheme of not paying the plaintiff and other similarly situated employees their full rate of one and one-half times their hourly rate for hours worked above 40 hours per week, Pit Stop had a practice of paying the plaintiff and other similarly situated employees in cash for such overtime hours.

15.

Pit Stop willfully operated under a scheme to deprive the plaintiff and the other similarly situated employees of proper overtime compensation by paying them less than what is required under federal law.

16.

Pit Stop knew or should have known that the plaintiff and other similarly situated employees performed work that required proper payment of overtime compensation.

17.

Pit Stop was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

18.

The plaintiff and similarly situated employees were entitled to be paid for all time worked for Pit Stop, including time and one-half their regular rate of pay for each hour worked in excess of 40 hours per work week.

19.

The records, to the extent any exist, concerning the number of hours worked, amounts paid to the plaintiff and other similarly situated employees, and other information relevant to the

allegations of this Complaint, are in the possession and custody of Pit Stop, which as an employer is required to maintain such records pursuant to 29 C.F.R. Part 516.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.

The plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

21.

The plaintiff brings Count I below individually and on behalf of all similarly situated employees, specifically: All persons employed by Pit Stop at any time since three years prior to the filing of this Complaint until the date of final judgment in this matter (the proposed "FLSA Collective").

22.

The plaintiff consents in writing to assert her claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). The plaintiff's signed consent form is filed with the Court as **Exhibit A** to this Complaint. As this case proceeds, it is likely that other individuals will file consent forms and join as opt-in plaintiffs.

23.

Members of the proposed FLSA Collective are known to Pit Stop and are readily identifiable through Pit Stop's records.

24.

The plaintiff and the FLSA Collective are all victims of Pit Stop's repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, which have caused significant damage to the plaintiff and the FLSA Collective.

25.

These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

## COUNT I
### Fair Labor Standards Act, 29 U.S.C. § 201 et seq.
*On Behalf of the Plaintiff and the FLSA Collective*

26.

The plaintiff, individually and on behalf of the FLSA Collective, realleges and incorporates by reference the above paragraphs as if fully set forth herein.

27.

Pit Stop is an "employer" and an "enterprise" as defined by the FLSA, 29 U.S.C. § 203, and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

28.

The FLSA requires covered employers like Pit Stop to pay non-exempt employees like the plaintiff and the FLSA Collective no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

29.

The plaintiff and the FLSA Collective regularly worked more than forty (40) hours per week for Pit Stop, but Pit Stop did not properly compensate them for all of their overtime hours as required by the FLSA.

30.

Pit Stop did not and has not made a good-faith effort to comply with the FLSA as it relates to the compensation of the plaintiff and the FLSA Collective.

31.

Pit Stop knew that the plaintiff and the FLSA Collective worked overtime without proper compensation, and they willfully failed and refused to pay the plaintiff and the FLSA Collective wages at the required overtime rates. *See* 29 U.S.C. § 255.

32.

Pit Stop's willful failure and refusal to pay the plaintiff and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

33.

As a direct and proximate result of these unlawful practices, the plaintiff and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

34.

**WHEREFORE**, Plaintiff Christina Dardar, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

a) A finding that the plaintiff and the FLSA Collective are similarly situated;

b) Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

c) Authorization for the prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

d) Judgment against Defendants for an amount equal to the plaintiff's and the FLSA Collective's unpaid back wages at the applicable overtime rates;

e) A finding that Defendants' violations of the FLSA are willful;

f) An amount equal to the plaintiff's and the FLSA Collective's damages as liquidated damages;

g) All costs and attorneys' fees incurred prosecuting this claim;

h) An award of any pre- and post-judgment interest;

i) Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

j) All further relief as the Court deems just and equitable

Respectfully submitted:

Simien & Simien, L.L.C.
Attorneys and Counselors at Law
7908 Wrenwood Boulevard
Baton Rouge, Louisiana 70809
Telephone:  (225) 932-9221
FAX:  (225) 932-9286


    _/s/Roy Bergeron, Jr._
By:   Eulis Simien, Jr. (T.A.), Bar # 12077
       Jimmy Simien, Bar # 1598
       Roy Bergeron, Jr., Bar # 33726

# EXHIBIT A

# PIT STOP EATERY OF HOUMA, LLC
# PLAINTIFF CONSENT FORM

**Consent to sue under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)**

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, against my current/former employer, Pit Stop Eatery of Houma, LLC, and any other related entities or affiliates ("Pit Stop") to recover overtime pay.

2. During the past three years, there were occasions when I worked over 40 hours per week for Pit Stop and did not receive proper compensation for all of my hours worked, including overtime pay.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Pit Stop and any other related entities or affiliates.

4. I choose to be represented in this matter by the named plaintiff and counsel, Simien & Simien, LLC, in this action.

5. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 06/03/2020

Signature

Christina Dardar
Print Name

**Return this form by mail, e-mail, or fax to:**

Simien & Simien, LLC
Attn: Dawn Davide
7908 Wrenwood Boulevard
Baton Rouge, LA 70809
E-mail: dawndavide@simien.com
Fax: (225) 932-9286