UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTINA DARDAR | CIVIL ACTION |
| VERSUS | NO. 20-1605 |
| PIT STOP EATERY OF HOUMA, LLC | SECTION "R" (5) |

### ORDER AND REASONS

The parties move jointly for court approval of their settlement agreement.[1] In addition, plaintiff, with the consent of defendant, files revised Notice and Consent Forms for court approval.[2] For the following reasons, the Court approves the proposed settlement, and the Court approves the revised Notice and Consent Forms.

### A.  The Proposed Settlement

In the context of claims for unpaid wages arising out of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, "[c]ourt approval of a settlement is necessary even when the FLSA action involves only a single employee plaintiff against his employer." *Rosa v. Gulfcoast Wireless, Inc.*, No. 18-4577, 2018 WL 6326445, at *1 (E.D. La. Dec. 3, 2018); *see also Lynn's*

---

[1]  R. Doc. 22.
[2]  R. Doc. 30.

*Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution.").[3]

In scrutinizing the parties' FLSA settlement agreement, the Court must determine that the compromise is (1) the product of a bona fide dispute and that it is (2) fair and reasonable. *See Bell v. Associated Wholesale Grocers Inc.*, No. 19-132, 2020 WL 1862297, at *1 (E.D. La. Apr. 14, 2020); *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010).

    1.    *Bona Fide Dispute*

To establish that the settlement arises from a bona fide dispute, "some doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719-20 (E.D. La. 2008); *see also Bell*, 2020 WL 1862297, at *1 (same).

---

[3] The parties do not represent that the Department of Labor is overseeing payments of unpaid overtime wages to Dardar under 29 U.S.C. § 216(c).

The Court finds that the settlement is the product of a bona fide dispute. First, both parties are represented by counsel. *See Rosa*, 2018 WL 6326445, at *1 (finding representation by counsel material to whether there is a bona fide dispute). Although the existence of a lawsuit with attorneys representing both parties does not automatically establish the presence of a bona fide dispute, representation on both sides "does indicate that the likelihood of a pressured settlement is low." *Id.* (citing *Collins*, 658 F. Supp. 2d at 720). Second, defendant represents that, after discovery, there remains a bona fide dispute as to the number of hours plaintiff worked for which she was not paid at the overtime rate under the FLSA.[4] Courts have found a bona fide dispute when the number of hours which a plaintiff worked were at issue. *See Domingue*, 2010 WL 1688793, at *1. Third, the parties engaged in discovery, and defendant filed an Answer in which it asserted eleven affirmative defenses,[5] including that plaintiff's complaint failed to state a claim. *See Rosa*, 2018 WL 6326445, at *1 (finding affirmative defenses in defendant's Answer indicative of a bona fide dispute). The Court finds that the settlement is a product of a bona fide dispute, and the Court proceeds to determine whether the settlement is fair and reasonable.

---

[4] R. Doc. 22-1 at 2.
[5] R. Doc. 7 at 7-9.

3

2. *Fair and Reasonable*

In determining whether a settlement is fair and reasonable, there is a "strong presumption in favor of finding a settlement fair." *Camp v. Progressive Corp.*, Nos. 01-2680, 03-2507, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Although a collective action under the FLSA differs from a class action under Federal Rule of Civil Procedure 23, courts consider the same factors in determining whether the resulting settlement is fair and reasonable. *See, e.g., Bell*, 2020 WL 1862297, at *2; *Collins*, 568 F. Supp. 2d at 721; *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05-1969, 2009 WL 2856246, at *2 (E.D. La. Aug. 28, 2009). Those factors are: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members. *See Liger*, 2009 WL 2856246, at *2 (citing *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)). The Court will apply these factors to Dardar's settlement "to the extent feasible." *Rosa*, 2018 WL 6326445, at *1 (noting that, under the FLSA, these factors are most applicable where a settlement resolves the

claims of multiple class members in a collective action, but that they still apply when one litigant's claims are resolved by the proposed settlement).

The Court finds that the proposed settlement is fair and reasonable. There is no evidence that the settlement is tainted by fraud or collusion. At present, there is a single plaintiff in this lawsuit and the parties represent that this matter is not overly complex.[6] The parties have engaged in some discovery, and defendant has admitted the violation but disputed the amount of unpaid overtime.[7] The parties represent that the proposed settlement agreement adequately compensates the plaintiff within the range of possible recovery.[8] Given that plaintiff received cash payments for over 40 hours worked, there are likely proof difficulties in documenting amounts of overtime that were not paid. Such difficulties impact the range of possible recovery, which supports the parties' argument that the settlement provides reasonable compensation.

In addition, the proposed settlement does not include any agreement to dismiss any claims that might be raised by any potential opt-in claimants. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008) (explaining that settlement with named plaintiff in FLSA action does not

---

[6] R. Doc. 22-1 at 2.
[7] *Id.*
[8] *Id.*

necessarily moot the collective lawsuit, even if other claimants have yet to opt-in). Taking into account these considerations, as well as the strong presumption in favor of finding the settlement fair, the Court finds that the settlement is fair and reasonable. Accordingly, the Court approves the proposed settlement.

### B. Revised Notice Form and Consent Form

Plaintiff has also filed an unopposed motion for Court approval of its revised Notice and Consent Forms.[9] In the Court's Order and Reasons allowing this matter to proceed as a collective action, the Court ordered the parties to confer and jointly submit an amended Notice and Consent Forms.[10] The parties represent that they have conferred regarding the amended forms and are in agreement as to their contents.[11]

The Court held that plaintiff's initial proposed Notice and Consent Forms were deficient because they did not communicate to potential opt-in claimants that they could select their own counsel.[12] Plaintiff, with defendant's consent, has submitted revised Notice and Consent Forms that clearly communicate to potential opt-in claimants that they may select their

---

9     R. Doc. 30.
10    R. Doc. 26 at 20-21.
11    R. Doc. 30 at 1.
12    R. Doc. 26 at 16.

6

own counsel.[13] Finding no other issue with the notice documents, the Court approves the amended Notice and Consent Forms.

For the foregoing reasons, the Court APPROVES the parties' settlement agreement, and the Court APPROVES plaintiff's revised Notice and Consent Forms.

New Orleans, Louisiana, this 16th day of April, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13] R. Doc. 30-2 at 4, 6.